Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
asorenson@swlaw.com
nkanute@swlaw.com
*Attorneys for Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corporation*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLLEGIUM FUND SERIES 32, a Nevada limited-liability company,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MARK DANIEL SNYDER, an individual; WELLS FARGO BANK, N.A.; DOES I THROUGH X; and ROE CORPORATIONS 1 THROUGH 10,<br><br>　　　　　　Defendants. | Case No.: 2:16-cv-01640-JCM-PAL<br><br>**FIRST STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** |
| WELLS FARGO BANK, N.A., a national banking association,<br><br>　　　　　　Counter-Claimants,<br><br>v.<br><br>COLLEGIUM FUND SERIES 32, a Nevada limited-liability company, ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company; NUEVO VISTA HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit cooperative corporation,<br><br>　　　　　　Counter-Defendants. | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>　　　　　　Counter-Claimants,<br><br>v.<br><br>COLLEGIUM FUND SERIES 32, a Nevada limited-liability company, ABSOLUTE COLLECTION SERVICES, LLC, a Nevada limited liability company; NUEVO VISTA HOMEOWNERS ASSOCIATION, INC., a Nevada non-profit cooperative corporation,<br><br>　　　　　　Counter-Defendants. | |

25338028

1    Wells Fargo Bank, N.A. ("Wells Fargo"), Federal Home Loan Mortgage Corporation
2    ("Freddie Mac"), Collegium Fund Series 32 ("Collegium"), Absolute Collection Services, LLC
3    ("Absolute"), and Nuevo Vista Homeowners Association, Inc. (the "HOA") (collectively, the
4    "Parties") hereby stipulate as follows:

5    1.  Freddie Mac intends to supplement the initial disclosures previously made by Wells Fargo pursuant to Fed. R. Civ. P. 26(a)(1) with records related to Freddie Mac's purchase of the loan secured by real property commonly known as 1796 Nuevo Road, Henderson, NV 89014 (the "Property"). Additionally, Collegium has served discovery requests on Wells Fargo and Freddie Mac that will be responded to shortly.

6    2.  Freddie Mac takes the position that the supplemental disclosure and production of documents contains confidential, proprietary and commercially sensitive documents reflecting Freddie Mac's purchase of mortgage loans and other documents, materials, things, or information that reflect or otherwise disclose the terms governing Freddie Mac's purchase of loans secured by property sited in the State of Nevada. These documents, materials, and any information derived therefrom are hereinafter referred to as "Protected Materials." Freddie Mac believes that disclosure of the Protected Materials could irreparably harm Freddie Mac by, among other things, revealing its confidential business strategies and practices.

7    3.  Wells Fargo and Freddie Mac acknowledge Collegium's, the HOA's, Absolute's and the Court's interest in analyzing these documents and materials. The HOA, Collegium and Absolute acknowledge Freddie Mac's concerns in restricting disclosure of truly confidential information.

8    4.  Freddie Mac will produce confidential materials in electronic form subject to the conditions in this First Stipulated Protective Order Governing Discovery ("Protective Order").

   a.  For information in documentary form, Freddie Mac will designate Protected Materials as such by stamping them as "CONFIDENTIAL."

   b.  For deposition transcripts and/or exhibits, Freddie Mac may designate any portion of the testimony as "CONFIDENTIAL" in writing on or before the later of (i) thirty calendar days after receipt of the final transcript or (ii) the date by which any review by the

- 2 -

25338028

1  witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). The entire testimony shall be deemed to have been designated "CONFIDENTIAL" until the time within which the transcript may be designated "CONFIDENTIAL" or has expired. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed "CONFIDENTIAL."

    5.    Any party receiving Protected Materials (including those persons listed in paragraph 7) may not disclose the Protected Materials to anyone except in accordance with the terms of this Protective Order.

    6.    The HOA, Collegium or Absolute may at any time challenge the designation of any Protected Material on the grounds that it does not qualify for protection. The HOA, Collegium or Absolute must do so in good faith and must begin the process by notifying Freddie Mac in writing of the challenge, setting forth in reasonable detail the reasons for the challenge and identifying the challenged Protected Material by Bates number.

    a.    If Freddie Mac agrees with the challenge by HOA, Collegium or Absolute, it will promptly notify the HOA, Collegium and Absolute that it is withdrawing or changing the designation.

    b.    If Freddie Mac does not agree with the challenge by HOA, Collegium or Absolute, the Parties shall attempt in good faith, within ten calendar days after service of the written objections, to telephonically meet and confer concerning the challenge.

    c.    If the parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process, the HOA, Collegium or Absolute may seek relief from the Court in accordance with its rules and procedures. Until the Court rules on the dispute, all parties shall continue to afford the Protected Material in question the level of protection to which it is entitled by its original designation.

    7.    The Protected Materials may be disclosed by the receiving party only to persons listed in (a)-(f) below:

Snell & Wilmer
L.L.P.
LAW OFFICES
50 WEST LIBERTY STREET, SUITE 510
RENO, NEVADA 89501
(775) 785-5440

25338028

     a.     Counsel for the HOA, Collegium and Absolute (including both outside and in-house counsel), including their associates, staff and contract attorneys, clerks, and secretarial and clerical personnel;

     b.     The HOA's, Collegium's and Absolute's current officers, directors, and employees who are responsible for overseeing or assisting with this litigation;

     c.     Any Court that has jurisdiction over this civil action (subject to the provisions of paragraph 8 below);

     d.     Qualified persons taking testimony involving such information, and necessary stenographic, videotape and clerical personnel;

     e.     Independent experts, advisers, or consultants who are assisting counsel in the prosecution or defense of the action (and their secretarial and clerical personnel); and,

     f.     Bona fide potential and actual witnesses, who prepared or reviewed the Protected Materials contemporaneous with their preparation or distribution, or who have or purport to have knowledge of information contained within the Protected Materials, which was contemporaneously and lawfully acquired.

8.     Such disclosures are authorized only to the extent necessary to prosecute or defend the claims and/or counterclaims in this action. Counsel for the HOA, Collegium and Absolute shall maintain a list of all persons to whom the documents, to include any information contained in or derived from them, have been disclosed, and the specific documents disclosed to each such person. However, in-house and outside counsel representing a party in this litigation, including associate attorneys, staff and contract attorneys, paralegals, secretaries, and clerical assistants, need not be identified on the foregoing list. Upon conclusion of this action in the District Court (whether by judgment, settlement, or otherwise), copies of the list shall be provided to a requesting party upon motion to the Court and the Court's determination that good cause exists. Upon a prima facie showing that an improper disclosure has been made, the Court on application may order the production of such lists before the termination of the action. Nothing in this protective order shall prevent outside counsel from providing legal advice to their clients provided that the advice does not reveal the substance of the Protected Materials.

- 4 -

25338028

9. Nothing in this Protective Order shall prevent any party from using excerpts of information from the Protected Materials in connection with any hearing, motion, brief, appeal, or other proceeding in this action. However, if any Party uses any part of the Protected Materials—to include information derived from the Protected Materials—protected by the instant order, whether at a single hearing, or in a single motion, brief, appeal or other proceeding in this action or at multiple hearings, or in a multiple motions, briefs, appeals or other proceedings, that party will give advance notice of such desired use. Unless otherwise permitted by statute, rule or prior court order, the Parties will work together to promptly prepare, file and obtain any and all necessary court orders, and follow all necessary procedures and rules of the court and court's clerk in connection with a stipulated motion to file the material under seal and file the stipulated motion for leave to file those documents under seal, which shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5, contemporaneously with the papers filed with the court under seal. The Parties recognize that the stipulated motion to seal must overcome the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The Parties shall reasonably cooperate in stipulating to extensions of time on deadlines in place by rule or court order – such extensions as may be necessitated by this Protective Order.

10. Nothing in this Protective Order shall prevent the use in open court, at any hearing or at trial of this case, of any material that is subject to this Protective Order or filed under seal pursuant to the provisions herein. Any court hearing which refers to or describes information filed under seal in accordance with this Protective Order, in the Court's discretion, may be held in camera. Any party desiring that hearings or any portion thereof be held *in camera*, or that the trial or any portion thereof be conducted in camera, may make a separate motion requesting such treatment.

11. If any person receiving the Protected Materials or information that would reveal a material portion of the Protected Materials' content (the "Receiver") (a) is subpoenaed in another action; or (b) is served with a demand in another action to which he or she is a party; or (c) is

- 5 -

25338028

served with any other legal process by one not a party to the Litigation, seeking the Protected Materials or information that would reveal a material portion of the Protected Materials' content, the Receiver shall give prompt written notice of such to Freddie Mac and object to its production. Should the person seeking access to the information take further action against the Receiver to enforce such a subpoena, demand or other legal process, the Receiver shall respond by setting forth the existence of this Protective Order and give prompt written notice of such to Freddie Mac and object to its production. Nothing herein shall require the Receiver to challenge or appeal any order requiring production of Protected Materials covered by this Protective Order, or to subject himself or herself to any penalties for non-compliance with any legal process or order, or to seek any relief from any court. No party shall oppose a producing party's efforts to challenge a subpoena, demand, or other legal process calling for the production of these Protected Materials or any material subject to this Protective Order.

12. Any inadvertent disclosure of the Protected Materials or any information contained in or derived from the Protected Materials by any party to this action to any other party, person or entity shall not be deemed a waiver of the confidentiality of the information contained therein. Any such inadvertently disclosed information shall be returned immediately to the disclosing party upon the discovery thereof. In the event such disclosure is to a non-party, the disclosing party must immediately demand return of the disclosed material and if the demand is rejected file a motion in the appropriate court to obtain an order directing return of the property, and in this action promptly submit a notice of such motion.

13. In agreeing to terms of this Protective Order, the Parties have not waived:

    a. any right to seek another order from the Court with regard to any document, information, or testimony, whether or not within the purview of this Protective Order;

    b. any right to take any other actions available to such party under law with regard to any invasion of privacy or breach of confidentiality; and

    c. any right to object to the admissibility of any document or testimony on any grounds.

25338028

  14. Within ninety days of the conclusion of this action in the District Court (whether by judgment, settlement, or otherwise), the receiving party must destroy all copies of the Protected Materials and any information that could reasonably reveal a material portion of the Protected Materials' contents, and must so notify the Designating Party. Materials produced in this matter shall remain subject to this Protective Order notwithstanding the conclusion of the matter. A receiving party may retain one copy of the Protected Materials during the period within which an appeal may be filed pursuant to Fed. R. App. P. 4(a), and, in the event of an appeal, for the duration any period of the appeal, and if an appeal results in remand to the district court, for the duration of the action in district court following remand.

  15. Compliance with the terms of this Protective Order is not intended to, nor shall it:

   a. prejudice in any way the rights of any party to object to the production of documents or otherwise to object to the disclosure of information in any other discovery request it considers not subject to discovery;

   b. prejudice in any way the right of any party to seek a determination by the Court (i) whether particular discovery materials should be produced; or (ii) if produced, whether such material should be subject to the terms of this Protective Order;

   c. operate as a waiver of any claim or defense asserted by the Parties or of the right, if any, of any party to make any other type of objection, claim or other response.

  16. The Court shall retain jurisdiction over the Parties for the purpose of enforcing the Protective Order.

  17. This Protective Order may be executed in counterparts, each of which will be deemed original, and this Protective Order shall become effective upon execution by all Parties hereto.

///
///
///
///
///

25338028

DATED: January 19, 2017

| | |
|---|---|
| CONNAGHAN\|NEWBERRY | SNELL & WILMER L.L.P. |
| */s/* Paul Connaghan (with permission) | */s/* Nathan Kanute |
| Paul R. Connaghan, Esq. | Amy F. Sorenson, Esq. (NV Bar No. 12495) |
| Nevada Bar No. 3229 | Nathan G. Kanute, Esq. (NV Bar No. 12413) |
| Tara D. Newberry, Esq. | 50 W. Liberty Street, Suite 1510 |
| Nevada Bar No. 10696 | Reno, NV 89501-1961 |
| 7854 W. Sahara Avenue | *Attorneys for Wells Fargo Bank, N.A. and* |
| Las Vegas, NV 89117 | *Federal Home Loan Mortgage Corporation* |
| *Attorneys for Collegium #32* | |
| | |
| ABSOLUTE COLLECTION SERVICES, LLC | PENGILLY LAW FIRM |
| */s/* Shane Cox (with permission) | */s/* Elizabeth Lowell (with permission) |
| Shane D. Cox, Esq. | Elizabeth B. Lowell, Esq. |
| Nevada Bar No. 13852 | Nevada Bar No. 8551 |
| 8440 w. Lake Mead Blvd., Ste. 210 | David Markman, Esq. |
| Las Vegas, NV 89128 | Nevada Bar No. 12440 |
| *Attorneys for Absolute Collection Services* | 1995 Village Center Circle, Ste. 190 |
| | Las Vegas, NV 89134 |
| | *Attorneys for Nuevo Vista HOA* |

**IT IS SO ORDERED**

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

DATED: January 24, 2017

- 8 -

25338028

# CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2017, I placed a copy of **FIRST STIPULATED PROTECTIVE ORDER GOVERNING DISCOVERY** in the Court's ECF system to the following:

Shane D. Cox, Esq.
Absolute Collection Services, LLC
8440 W Lake Mead Blvd Ste 210
Las Vegas, Nevada 89128

*Attorneys for Counter-Defendants*
*Absolute Collection Services*

James W. Pengilly, Esq.
Elizabeth B. Lowell, Esq.
Pengilly Law Firm
1995 Village Center Cir., Suite 190
Las Vegas, NV 89134

*Attorneys for Nuevo Vista HOA*

Paul R. Connaghan, Esq.
Tara D. Newberry, Esq.
Connaghan Newberry Law Firm
7854 W Sahara Ave.
Las Vegas, NV 89117

*Attorneys for Plaintiff/Counter-Defendant*
*Collegium Fund LLC Series 32*

DATED this 19th day of January, 2017.

/s/ Lara J. Taylor
An employee of SNELL & WILMER L.L.P..

25338028