1
2
3
4                    UNITED STATES DISTRICT COURT
5                         DISTRICT OF NEVADA
6                               * * *
7    COLLEGIUM FUND LLC, SERIES 32,          Case No. 2:16-cv-01640-JCM-PAL
8                              Plaintiff,
9         v.                                           **ORDER**
10   MARK DANIEL SNYDER, et al.,             (Stip to Seal – ECF No. 40)
                             Defendants.
11

12          This matter is before the court on the parties' Stipulated Motion to File Under Seal (ECF

13   No. 40).  This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR

14   IB 1-3 of the Local Rules of Practice.

15          As a general matter, there is a strong presumption of public access to judicial records.

16   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  However, public

17   "access to judicial records is not absolute." *Kamakana*, 447 F.3d at 1178.  The Ninth Circuit has

18   held that the strong presumption of access to judicial records "applies fully to dispositive

19   pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447

20   F.3d at 1179.  Thus, a movant must show "compelling reasons" to seal judicial records attached to

21   a dispositive motion.  *Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th

22   Cir. 2003)).  "Generally speaking, compelling reasons exist when court records 'might have

23   become a vehicle for improper purposes,' such as to gratify private spite, promote public scandal,

24   commit libel, or release trade secrets." *In re Roman Catholic Archbishop of Portland*, 661 F.3d

25   417, 429 (9th Cir. 2011) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

26   When applying the compelling reasons standard, "a district court must weigh relevant factors, base

27   its decision on a compelling reason, and articulate the factual basis for its ruling, without relying

28   on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010)

                                             1

(quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Relevant factors" include, but are not limited to, the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Id.*; *see also EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990).

Additionally, the Ninth Circuit has made clear that the sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *See Foltz*, 331 F.3d at 1137; *In re Roman Catholic Archbishop*, 661 F.3d at 425. To the extent that a sealing order is permitted, it must be narrowly tailored. *See, e.g.*, *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cnty.*, 464 U.S. 501, 512 (1984). The Supreme Court has instructed that a sealing order should be "limited to information that was actually sensitive," that is only the parts of the material necessary to protect the compelling interest. *Id.* Thus, even when the court's analysis weighs in favor of protection, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *In re Roman Catholic Archbishop*, 661 F.3d at 425 (citing *Foltz*, 331 F.3d at 1136–37).

Here, the parties have agreed to allow Plaintiff Collegium Fund LLC, Series 32 ("Collegium Fund") to file under seal its response, including exhibits, to Freddie Mac's Motion for Summary Judgment (ECF No. 26). *See* Sealed Response (ECF No. 45). The unredacted Response attaches 29 exhibits, which total nearly 400 pages. The Stipulated Motion (ECF No. 40) states that Collegium Fund's Response and related exhibits "contain or consist portions of the Master Commitment and Master Agreement between Wells Fargo and Freddie Mac" ("Master Agreement") and these documents "contain confidential, proprietary, and commercially sensitive information related to Freddie Mac's purchase of loans from Wells Fargo." *Id.* at 2. However, the parties provided no justification for filing the entire Response and all of its 29 exhibits under seal. Most of the Response contains legal argument and statements of disputed and undisputed facts that do not involve the Master Agreement. The specific portions of the response and exhibit(s) related to the Master Agreement may be sealed but not all others. Collegium Fund shall file a redacted version of its Response and exhibits on the public record consistent with this Order.

Accordingly,

**IT IS ORDERED:**

1. The Stipulated Motion to File Under Seal (ECF No. 40) **is GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff Collegium Fund shall have until **May 24, 2017**, to file a redacted version of its Response and exhibits on the public record consistent with this Order.

Dated this 17th day of May, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE