# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLLEGIUM FUND SERIES 32,<br><br>Plaintiff(s),<br><br>v.<br><br>MARK DANIEL SNYDER, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-1640 JCM (PAL)<br><br>ORDER |

Presently before the court is intervenor-defendant/counterclaimant Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for summary judgment (ECF No. 26), in which defendant Wells Fargo Bank, N.A. ("Wells Fargo") joined (ECF No. 29). Plaintiff/counterdefendant Collegium Fund LLC, Series 32 ("Collegium") filed a response (ECF Nos. 45, 52), to which Freddie Mac replied (ECF No. 53).

**I.     Facts**

This case involves a dispute over real property located at 1796 Nuevo Road, Henderson, Nevada 89014 (the "property"). On October 18, 2006, Mark Daniel Snyder ("Snyder") obtained a loan from Wells Fargo in the amount of $134,500.00 to purchase the property, which was secured by a deed of trust recorded on November 19, 2007. (ECF No. 1-2).

On December 12, 2006, Freddie Mac purchased the loan and Wells Fargo began servicing the loan on Freddie Mac's behalf pursuant to Freddie Mac's single-family seller/servicer guide ("the guide"). (ECF No. 26-2). Neither Freddie Mac nor Wells Fargo recorded the assignment.

On September 6, 2008, pursuant to the Housing Economic Recovery Act of 2008, 12 U.S.C. § 4617 *et seq.* ("HERA"), Federal Housing Finance Agency's ("FHFA") director placed Freddie Mac into conservatorship.

**James C. Mahan**
**U.S. District Judge**

On June 5, 2012, Absolute Collection Services, LLC ("ACS"), acting on behalf of Nuevo Vista Homeowners Association, Inc. (the "HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1-2). On May 16, 2013, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1-2). On November 4, 2013, ACS recorded a notice of trustee's sale. (ECF No. 1-2).

On January 16, 2014, Collegium purchased the property for $63,500.00 at the HOA foreclosure sale. (ECF No. 1-2). A trustee's deed upon sale in Collegium's favor was recorded on January 16, 2014. (ECF No. 1-2).

FHFA did not consent to any purported extinguishment of Freddie Mac's ownership interest in the property. (*See, e.g.*, ECF No. 26-12).

On October 9, 2015, Collegium filed (in state court, case no. A-15-725950-C) the underlying complaint against Snyder and Wells Fargo, alleging five causes of action: (1) quiet title; (2) declaratory relief; (3) unjust enrichment; (4) injunctive relief; and (5) award of attorney's fees and costs. (ECF No. 1-2).

On November 30, 2015, Wells Fargo filed (in state court) an answer and counterclaim against Collegium, ACS, and the HOA for declaratory relief, wrongful foreclosure, violation of NRS 116.1113, intentional interference with contract, and quiet title. (ECF No. 1-2).

On February 26, 2016, the HOA filed (in state court) a crossclaim against ACS for implied indemnity, contribution, apportionment, express indemnity, breach of contract, and declaratory relief. (ECF No. 1-2).

On June 23, 2016, the state court granted Freddie Mac's motion to intervene. (ECF No. 1-2). On July 12, 2016, Freddie Mac removed the action to federal court pursuant to 28 U.S.C. §§ 1442 and 1446 and 12 U.S.C. § 1452(f). (ECF No. 1). On July 13, 2016, Freddie Mac filed an answer and counterclaim for declaratory relief against Collegium, ACS, and the HOA and quiet title against Collegium. (ECF No. 3).

On September 29, 2016, the HOA filed an answer to Freddie Mac's counterclaim and a second crossclaim against ACS, which is virtually identical to the crossclaim ACS previously filed in state court in February (ECF No. 1-2). (ECF No. 22).

In the instant motion, Freddie Mac moves for summary judgment in its favor on Freddie Mac's counterclaims (ECF No. 3) and on Collegium's quiet title and declaratory relief claims (ECF No. 1-2). (ECF No. 26).

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not

**James C. Mahan**
**U.S. District Judge**

- 3 -

consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III. Discussion[1]**

In the instant motion, Freddie Mac argues that 12 U.S.C. § 4617(j)(3) preempts NRS Chapter 116 to the extent that it permits a HOA foreclosure sale to extinguish Freddie Mac's property interest while it is under FHFA's conservatorship. (ECF No. 26). Freddie Mac thus

---

[1] The court takes judicial notice of the recorded deed of trust attached as exhibit A (ECF No. 26-1) to Freddie Mac's motion for summary judgment (ECF No. 26), as well as the recorded foreclosure deed attached as exhibit 18 (ECF No. 52-18) to Collegium's response (ECF No. 52). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

maintains that the deed of trust continues to encumber the property and that Collegium's interest in the property is subject to Freddie Mac's first secured interest therein. (ECF No. 26). Accordingly, Freddie Mac requests that the court declare the foreclosure invalid and that the deed of trust continues to encumber the property. (ECF No. 26 at 18).

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ." U.S. Const. Art. IV, § 3, cl. 2. The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ." U.S. Const. Art. VI, cl. 2. "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs." *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause. *Id.* The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act." *Id.*

Foreclosure on federal property is prohibited where it interferes with the statutory mission of a federal agency. *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Under NRS 116.3116, a HOA has a lien on a unit for assessments levied against that unit and such HOA liens are prior to all other liens and encumbrances, subject to exceptions. NRS 116.3116(1)–(2). In *SFR Investment Pool 1 v. U.S. Bank*, 334 P.3d 408, 409 (Nev. 2014) ("*SFR Investments*"), the Nevada Supreme Court found that a HOA's foreclosure of a superpriority lien extinguishes a first recorded security interest.

HERA established FHFA to regulate Fannie Mae, Freddie Mac, and Federal Home Loan Banks. *See* Pub. L. No. 110–289, 122 Stat. 2654, codified at 12 U.S.C. § 4511 *et seq*. In September

2008, FHFA placed Fannie Mae and Freddie Mac into conservatorships "for the purpose of reorganizing, rehabilitating, or winding up [their] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae and Freddie Mac. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its superpriority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship). *See generally G & P Inv. Enters., LLC v. Wells Fargo Bank, N.A.*, 199 F. Supp. 3d 1266 (D. Nev. 2016).

Here, Freddie Mac has held an interest in the property since the purchase of the loan on December 12, 2006. In turn, FHFA has held an interest in the deed of trust as conservator for Freddie Mac since September 6, 2008, prior to the HOA foreclosure on January 16, 2014. FHFA did not consent to the extinguishment of Freddie Mac's property interest through the HOA's foreclosure sale.

However, neither Freddie Mac nor Wells Fargo recorded the assignment of deed of trust so as to put Collegium and the HOA on notice of Freddie Mac's/FHFA's interest in the property. Pursuant to NRS 111.320, "[e]very such conveyance or instrument of writing . . . recorded in the manner prescribed in this chapter . . . must from the time of filing the same with the . . . recorder for record, impart notice to all persons of the contents thereof; and subsequent purchasers and mortgagees shall be deemed to . . . take with notice." Nev. Rev. Stat. § 111.320. Moreover, NRS 111.315 provides that "[e]very conveyance of real property, and every instrument of writing . . .

whereby any real property may be affected . . . to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which the real property is situated." Nev. Rev. Stat. § 111.315; *see also All Am. Van & Storage, Inc. v. DeLuca Realty, Inc.*, 592 P,2d 951, 952 (Nev. 1979) ("All American, by reason of the knowledge imputed to it pursuant to the recording statutes, must be deemed to have had notice of the recorded encumbrance.").

Because neither Freddie Mac nor Wells Fargo recorded the assignment of deed of trust, genuine issues exist precluding summary judgment. Accordingly, the court will deny Freddie Mac's motion for summary judgment (ECF No. 26).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Freddie Mac's motion for summary judgment (ECF No. 26) be, and the same hereby is, DENIED.

DATED July 5, 2017.

_____
UNITED STATES DISTRICT JUDGE