UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COLLEGIUM FUND SERIES 32, | Case No. 2:16-CV-1640 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| MARK DANIEL SNYDER, et al., | |
| Defendant(s). | |

Presently before the court is defendants/counter-claimants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") motion for reconsideration. (ECF No. 57). Plaintiff/counter-defendant Collegium Fund Series 32 ("Collegium") filed a response (ECF No. 65), to which Wells Fargo and Freddie Mac replied (ECF No. 66).

Also before the court is Collegium's stipulation for an extension of time to respond to Wells Fargo and Freddie Mac's motion for reconsideration. (ECF No. 58).

I.  **Facts**

This case involves a dispute over real property located at 1796 Nuevo Road, Henderson, Nevada 89014 (the "property"). On October 18, 2006, Mark Daniel Snyder ("Snyder") obtained a loan from Wells Fargo in the amount of $134,500.00 to purchase the property, which was secured by a deed of trust recorded on November 19, 2007. (ECF No. 1-2).

On December 12, 2006, Freddie Mac purchased the loan and Wells Fargo began servicing the loan on Freddie Mac's behalf pursuant to Freddie Mac's single-family seller/servicer guide ("the guide"). (ECF No. 26-2). Neither Freddie Mac nor Wells Fargo recorded the assignment.

**James C. Mahan
U.S. District Judge**

On September 6, 2008, pursuant to the Housing Economic Recovery Act of 2008, 12 U.S.C. § 4617 *et seq*. ("HERA"), Federal Housing Finance Agency's ("FHFA") director placed Freddie Mac into conservatorship.

On June 5, 2012, Absolute Collection Services, LLC ("ACS"), acting on behalf of Nuevo Vista Homeowners Association, Inc. (the "HOA"), recorded a notice of delinquent assessment lien. (ECF No. 1-2). On May 16, 2013, ACS recorded a notice of default and election to sell to satisfy the delinquent assessment lien. (ECF No. 1-2). On November 4, 2013, ACS recorded a notice of trustee's sale. (ECF No. 1-2).

On January 16, 2014, Collegium purchased the property for $63,500.00 at the HOA foreclosure sale. (ECF No. 1-2). A trustee's deed upon sale in Collegium's favor was recorded on January 16, 2014. (ECF No. 1-2).

FHFA did not consent to any purported extinguishment of Freddie Mac's ownership interest in the property. (*See, e.g.*, ECF No. 26-12).

On October 9, 2015, Collegium filed (in state court, case no. A-15-725950-C) the underlying complaint against Snyder and Wells Fargo, alleging five causes of action: (1) quiet title; (2) declaratory relief; (3) unjust enrichment; (4) injunctive relief; and (5) award of attorney's fees and costs. (ECF No. 1-2).

On November 30, 2015, Wells Fargo filed (in state court) an answer and counterclaim against Collegium, ACS, and the HOA for declaratory relief, wrongful foreclosure, violation of NRS 116.1113, intentional interference with contract, and quiet title. (ECF No. 1-2).

On February 26, 2016, the HOA filed (in state court) a crossclaim against ACS for implied indemnity, contribution, apportionment, express indemnity, breach of contract, and declaratory relief. (ECF No. 1-2).

On June 23, 2016, the state court granted Freddie Mac's motion to intervene. (ECF No. 1-2). On July 12, 2016, Freddie Mac removed the action to federal court pursuant to 28 U.S.C. §§ 1442 and 1446 and 12 U.S.C. § 1452(f). (ECF No. 1). On July 13, 2016, Freddie Mac filed an answer and counterclaim for declaratory relief against Collegium, ACS, and the HOA and quiet title against Collegium. (ECF No. 3).

On September 29, 2016, the HOA filed an answer to Freddie Mac's counterclaim and a second crossclaim against ACS, which is virtually identical to the crossclaim ACS previously filed in state court in February (ECF No. 1-2). (ECF No. 22).

On January 17, 2017, Freddie Mac filed a motion for summary judgment in its favor on Freddie Mac's counterclaims (ECF No. 3) and on Collegium's quiet title and declaratory relief claims (ECF No. 1-2). (ECF No. 26).

In the instant motion, Wells Fargo and Freddie Mac move for reconsideration of the court's July 5, 2017 order (ECF No. 56), wherein the court denied Freddie Mac's motion for summary judgment (ECF No. 26). (ECF No. 57).

## II.     Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

. . .

. . .

James C. Mahan
U.S. District Judge

- 3 -

### III. Discussion

Wells Fargo and Freddie Mac move for reconsideration of the court's July 5, 2017, order (ECF No. 56), wherein the court denied Freddie Mac's motion for summary judgment (ECF No. 26). (ECF No. 57). Wells Fargo and Freddie Mac argue that the failure to record the assignment of the deed of trust from Wells Fargo to Freddie Mac does not preclude protection of Freddie Mac's interest under Nevada or federal law. (ECF No. 57).

Pursuant to the federal foreclosure bar, "[n]o property" of Freddie Mac while in conservatorship "shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of" FHFA. 12 U.S.C. § 4617(j)(3). This court's July 5, 2017, order correctly acknowledged that Freddie Mac, and thus FHFA as conservator, had an interest in the property at the time of the HOA foreclosure sale on January 16, 2014. (ECF No. 56). Further, this court's July 5, 2017, order stated that the federal foreclosure bar protects such an interest from extinguishment at an HOA foreclosure sale and that FHFA did not consent to the extinguishment of the deed of trust. *Id.* However, because neither Freddie Mac nor Wells Fargo recorded the assignment of the loan so as to put Collegium on notice of Freddie Mac's interest, the court denied Freddie Mac's motion for summary judgment. (ECF No. 56).

On August 25, 2017, subsequent to this court's order denying Freddie Mac's motion for summary judgment (ECF No. 56), the Ninth Circuit held that as long as the record beneficiary of the deed of trust is an agent of Freddie Mac, Freddie Mac, as owner of the loan, has a valid and enforceable property interest even if the recorded document omits Freddie Mac's name. *Berezovsky v. Moniz*, 869 F.3d 923, 931-33 (9th Cir. 2017); *see also Elmer v. JPMorgan Chase & Co.*, 707 Fed. Appx. 426, 428 (9th Cir. 2017). "Because Freddie Mac possessed an enforceable property interest and was under [FHFA] conservatorship at the time of the homeowners association foreclosure sale, the federal foreclosure bar served to protect the deed of trust from extinguishment." *Id.* at 933.

Here, when Wells Fargo sold the loan to Freddie Mac in December 2006, Wells Fargo, acting as an agent for Freddie Mac, remained the servicer of the loan for Freddie Mac as well as the named beneficiary of record of the deed of trust. (ECF No. 3). Thus, pursuant to the Ninth

Circuit's holding in *Berezovsky*, despite the lack of recorded assignment indicating Freddie Mac as the new owner of the loan, Freddie Mac holds a valid and enforceable interest in the property. 869 F.3d at 931-33. Further, because Freddie Mac is under FHFA conservatorship, the federal foreclosure bar prohibits Freddie Mac's property interest from being foreclosed upon absent FHFA consent. 12 U.S.C. § 4617(j)(3). Therefore, the HOA's foreclosure sale did not extinguish Freddie Mac's interest in the property.

Accordingly, the court will grant Wells Fargo and Freddie Mac's motion for reconsideration (ECF No. 57) and will grant Freddie Mac's motion for summary judgment (ECF No. 26) as to Freddie Mac's claim that the HOA foreclosure sale did not extinguish its interest in the property and did not convey the property to Collegium free and clear of the deed of trust.

## IV. Conclusion

Based on the aforementioned, the court will grant Wells Fargo and Freddie Mac's motion for reconsideration (ECF No. 57) to the extent that it seeks reconsideration of the court's July 5, 2017 order (ECF No. 56) denying Freddie Mac's motion for summary judgment (ECF No. 26) as to Collegium's quiet title and declaratory relief claims (ECF No. 1-2). In particular, the court will amend its July 5, 2017 order (ECF No. 56) as follows:

> IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Freddie Mac's motion for summary judgment (ECF No. 26) be, and the same hereby is, GRANTED.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wells Fargo and Freddie Mac's motion for reconsideration (ECF No. 57) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that Collegium's stipulation for an extension of time to respond to Wells Fargo and Freddie Mac's motion for reconsideration (ECF No. 58) be, and the same hereby is DENIED as moot.

DATED March 16, 2018.

*James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**